IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO. JKB-09-0288 |
| LARRY MITCHELL, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Larry Mitchell is serving a sentence of 262 months' imprisonment for Conspiracy to Participate in a Racketeering Enterprise in violation of the Racketeer Influenced and Corrupt Organizations ("RICO") statute, 18 U.S.C. § 1962(d). (*See* ECF No. 1079.) Currently pending before the Court is Mitchell's Motion for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act or, Alternatively, 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 2039.) He contends he is eligible for relief under either mechanism based on changes in sentencing law that significantly reduce the Guidelines range that would be applicable to him if he were sentenced today, and he requests a reduction in his sentence to 168 months' imprisonment. (*Id.* at 1–2.) The Government agrees that Mitchell's Guidelines range would be lower today but argues that the Court should not exercise its discretion to reduce his sentence, or at the most should reduce it to 224 months. (ECF No. 2043 at 2, 4–6, 12–13.) Mitchell's Motion is now ripe and no hearing is required for its disposition. *See* Local Rules 105.6, 207 (D. Md. 2021). For the reasons set forth below, the Motion will be granted in part and an Amended Judgment shall issue reducing Mitchell's sentence to 188 months' imprisonment.

*I.     Section 404 of the First Step Act*

"The First Step Act provides that a sentencing court 'may, on motion of the defendant, . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed.'" *United States v. Wirsing*, 943 F.3d 175, 180 (4th Cir. 2019) (quoting First Step Act § 404(b), 132 Stat. 5194, 5222). A "'covered offense' is 'a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 [and] that was committed before August 3, 2010.'" *Id.* (quoting First Step Act § 404(a), 132 Stat. at 5222). The parties agree that Mitchell's present sentence was imposed for a "covered offense" and that he is accordingly eligible for a Section 404 sentence reduction. (*See* ECF Nos. 2039 at 5–6, 2043 at 4.)

Even where a defendant's offense qualifies for a sentencing reduction under Section 404, "the decision whether to grant any reduction under the Act 'is entrusted to the district court's discretion.'" *United States v. Webb*, 5 F.4th 495, 498 (4th Cir. 2021) (quoting *United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020)). In exercising this discretion, a district court must both "engage in a brief analysis that involves the recalculation of the Sentencing Guidelines in light of intervening case law . . . and a brief reconsideration of the [sentencing] factors set forth in 18 U.S.C. § 3553(a)[.]" *United States v. Lancaster*, 997 F.3d 171, 175 (4th Cir. 2021) (internal quotation marks and citations omitted). District courts must consider the parties' nonfrivolous arguments regarding any "intervening changes of law or fact," including changes in sentencing law beyond the Fair Sentencing Act and evidence of a defendant's rehabilitation and conduct after his initial sentencing. *Concepcion v. United States*, 142 S. Ct. 2389, 2396, 2404 (2022).

### A. *Intervening Law*

Mitchell was initially sentenced at an offense level of 34 and a criminal history category of VI, resulting in a Guidelines range of 262–327 months. *See* U.S. SENTENCING GUIDELINES

2

MANUAL, Sentencing Table (U.S. SENT'G COMM'N 2010). However, two intervening changes in law significantly impact these Guidelines calculations: (1) the applicability of the career offender enhancement pursuant to § 4B1.1(b) of the Sentencing Guidelines; and (2) Amendment 782 to the Guidelines, which reduced the base offense levels calculated based on the drug quantity table. *See* U.S. SENT'G COMM'N, Amendment 782 (Nov. 1, 2014).

First, Mitchell's initial offense level of 34 was driven by the career offender enhancement, which the parties agree would no longer be applicable to the instant offense. *See* U.S. SENTENCING GUIDELINES MANUAL § 4B1.1(b) (U.S. SENT'G COMM'N 2021) (hereinafter "USSG") (mandating minimum offense levels for persons subject to a career offender enhancement); (ECF Nos. 2039 at 7, 2043 at 2).[1] For the career offender enhancement to apply, the offense of conviction must be "a felony that is either a crime of violence or a controlled substance offense[.]"[2] *Id.* § 4B1.1(a). Although "controlled substance offense" as defined in USSG § 4B1.2(b) extends to certain conspiracy offenses, "'an overt act is an element of the generic definition of conspiracy' as incorporated into § 4B1.2." *United States v. Norman*, 935 F.3d 232, 237 (4th Cir. 2019) (quoting *United States v. McCollum*, 885 F.3d 300, 308 (4th Cir. 2018)). In contrast, "the RICO conspiracy statute contains 'no requirement of some overt act or specific act.'" *United States v. Cornell*, 780 F.3d 616, 624 (4th Cir. 2015) (quoting *Salinas v. United States*, 522 U.S. 52, 63 (1997)). Therefore, a RICO conspiracy conviction "is a categorical mismatch to the generic crime of conspiracy enumerated in § 4B1.2(b)" and cannot be the predicate for a career offender enhancement. *See Norman*, 935 F.3d at 238–39 (holding that a conspiracy conviction under 21

---

[1] USSG § 4B1.1(b) also mandates a criminal history category of VI, but Mitchell's Presentence Report ("PSR") indicates that he was placed in a criminal history category of VI independent of the career offender status. (PSR ¶ 37.) The parties agree that VI remains the correct criminal history category. (ECF Nos. 2039 at 8, 2043 at 2.)
[2] The government does not argue that Mitchell's offense of conviction qualifies as a "crime of violence." (*See* generally ECF No. 2043.)

3

U.S.C. § 846 is not a "controlled substance offense" within the meaning of USSG § 4B1.2(b) because it does not require an overt act); *see also United States v. Banks*, No. CR JKB-09-0288, 2022 WL 1028680, at *3 (D. Md. Apr. 6, 2022) (concluding that "RICO conspiracy cannot qualify as a 'controlled substance offense' under USSG § 4B1.2 and cannot, therefore, be the type of 'instant offense of conviction' that qualifies for a career offender enhancement under the Guidelines").

Second, Mitchell's revised sentencing range is also affected by changes to the Guidelines' drug quantity table as enacted by Guidelines Amendment 782. *See* USSG § 2D1.1(c). "Amendment 782 lowered the offense levels for drug offenses involving certain quantities of drugs." *United States v. Bornales*, 639 F. App'x 169, 170 (4th Cir. 2016). Mitchell maintains, and the Government implicitly agrees, that these changes reduce the base offense level for Mitchell's underlying drug trafficking conduct to 30 under USSG § 2D1.1(c). (ECF No. 2039 at 8.) After a two-level upward adjustment due to the presence of a firearm under USSG § 2D1.1(b)(1) and a three-level downward adjustment for acceptance of responsibility under § 3E1.1, Mitchell is now subject to a final offense level of 29. (*See* ECF Nos. 2039 at 8, 2043 at 2.).

Thus, the parties agree that under presently applicable law, Mitchell would have an offense level of 29 and a criminal history category of VI, resulting in a Guidelines range of 151–188 months. *See* USSG, Sentencing Table; (ECF Nos. 2039 at 8, 2043 at 2.).

### *B. Section 3553(a) Factors*

In addition to intervening law, the Court must also reassess the § 3553(a) sentencing factors in determining the propriety and extent of a sentence reduction under Section 404. *See Lancaster*, 997 F.3d at 175. 18 U.S.C. § 3553(a) requires a court to impose "a sentence sufficient, but not

4

greater than necessary, to comply with the purposes" of incarceration. The factors specified in 18 U.S.C. § 3553(a)(1)–(6) guide this determination, including:

> (1) [Defendant's] personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants.

*United States v. Bryant*, Crim. No. CCB-95-0202, 2020 WL 2085471, at *4 (D. Md. Apr. 30, 2020).

Particularly relevant here, "[t]he fact that § 3553(a) explicitly directs sentencing courts to consider the Guidelines" means "that district courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process." *Gall v. United States*, 552 U.S. 38, 50 n.6 (2007). Consideration of the Guidelines range also ensures that the Court "avoid[s] unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).[3] These factors counsel strongly in favor of a sentence within Mitchell's revised Guidelines range of 151–188 months' imprisonment.

While the other factors do not warrant a sentence that exceeds this revised Guidelines range, they do counsel for a sentence at its top end. The nature of Mitchell's offense—possessing a firearm while being part of a violent street gang—is serious. Also troubling is Mitchell's significant criminal history, which includes two convictions involving a firearm and, of particular

---

[3] Mitchell urges the Court to consider sentencing disparities between Mitchell and his codefendants, specifically Avon Banks and Ronald Elzey. (ECF No. 2039 at 9–10.) The Government counters that § 3553(a)(6) is concerned with nationwide sentencing disparities rather than disparities among codefendants and that these comparisons have limited utility given the individualized nature of sentencing. (ECF No. 2043 at 7–8 & n.2.) Comparisons between Mitchell's sentence and the sentences of his codefendants do not factor significantly into the Court's analysis in this case, where each sentence reduction has been driven by the codefendants' respective revised Guidelines ranges and an individualized § 3553 analysis. *See Banks*, 2022 WL 1028680, at *5–6; *United States v. Elzey*, No. CR JKB-09-0288, 2022 WL 316717, at *3–4 (D. Md. Feb. 2, 2022).

5

concern to the Court, a 2009 conviction for first degree assault and use of a handgun in a felony, (PSR ¶ 26–27, 34–35), which placed him in a criminal history category of VI. Finally, the Court notes the recency of the disciplinary infractions Mitchell incurred on April 30, 2021, for, among other violations, threatening bodily harm and being insolent to a staff member. (ECF No. 2039-5.)

On the other hand, Mitchell has an otherwise clear disciplinary record while incarcerated and the 2021 infractions did not involve fighting or use of a weapon. (*Id.*) He holds a food service position at Federal Correctional Institution Schuylkill, a medium security facility. (ECF No. 2039-4 at 1.) Finally, he has provided letters of support from several family members, indicating that he will have support when released. (ECF Nos. 2039-6, 2039-7, 2039-8.)

Taken together, these factors recommend a sentence of 188 months, the top end of the revised Guidelines range of 151–188 months, but not the 262 months Mitchell is currently serving or the 224 the Government alternatively recommends.

## II. *Compassionate Release*

As an alternative ground for relief, Mitchell contends that the reduction in his applicable Guidelines range constitutes an "extraordinary and compelling reason" warranting a sentence reduction under the compassionate release statute. *See* 18 U.S.C. § 3582(c)(1)(A) (authorizing district courts to reduce a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction," but only "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable"); *Elzey*, 2022 WL 316717, at *2 (D. Md. Feb. 2, 2022) ("District courts in this circuit have universally affirmed that 'the fact that a defendant, if sentenced today for the same conduct, would likely receive a dramatically lower sentence than the one he is currently serving, constitutes an 'extraordinary and compelling' reason justifying

6

potential sentence reduction under § 3582(c)(1)(A)(i)." (cleaned up)). Assuming that Mitchell has established an "extraordinary and compelling reason" for compassionate release, an analysis of the § 3553(a) sentencing factors would bring the Court to the same conclusion as under the foregoing analysis. Accordingly, in light of the reduction in Mitchell's sentence to 188 months' imprisonment under Section 404 of the First Step Act, the Court finds that no additional reduction of Mitchell's sentence under § 3582(c)(1)(A) is warranted.

### III. Conclusion

For the foregoing reasons, the Court concludes that a sentence of 188 months' imprisonment promotes respect for the law, deters crime, protects the public, and is "sufficient but not greater than necessary" to comply with the purposes of incarceration. 18 U.S.C. § 3553(a).

Accordingly, it is hereby ORDERED:

1. Mitchell's Motion for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act or, Alternatively, 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 2039) is GRANTED IN PART;

2. An Amended Judgment and Commitment Order will issue, setting the sentence at 188 months' imprisonment; and

3. All other terms of the sentence imposed that are not altered by this Memorandum and Order remain in full force and effect and will be reflected in the Amended Judgment and Commitment Order.

DATED this __15__ day of November, 2022.

BY THE COURT:

7

_____
James K. Bredar
Chief Judge